# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 13-CR-188-001-CVE |
| DENNIS TROY LANGFORD, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 21) and Government's Unopposed Motion for Continuance of Motion to Suppress Hearing (Dkt. # 22). Defendant Dennis Troy Langford is charged with possessing firearms and ammunition after being convicted of a felony and, if convicted, he faces a possible maximum sentence of ten years. Dkt. # 5. Defendant has executed a written speedy trial waiver. Dkt. # 25. Defendant does not oppose plaintiff's request for a continuance.

Plaintiff's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Plaintiff's counsel has another jury trial set on November 18, 2013. Dkt. # 21, at 1. Additionally, plaintiff's counsel is scheduled for an oral argument in Denver, Colorado, the same week. Id. Plaintiff states that it has exercised diligence in its prosecution and in managing conflicts in counsel's schedule. Id. at 2. Further, plaintiff filed its response to defendant's motion to suppress on November 7, 2013, and anticipates submitting additional documentation to the Court. Dkt. # 22, at 1.

The Court has considered plaintiff's motion for a continuance and finds that plaintiff's request is reasonable. Plaintiff's counsel's scheduling conflicts necessitate the continuance. Considering all of these factors and the severity of the charges against defendant, the Court finds that the trial of this matter should be continued to the December 2013 jury trial docket. In addition

to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Government's Unopposed Motion for Continuance of Jury Trial (Dkt. # 21) is **granted** and that Government's Unopposed Motion for Continuance of Motion to Suppress Hearing (Dkt. # 22) is **granted**. The jury trial set for November 18, 2013 is **stricken**. The pretrial/motions hearing set for November 8, 2013, is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **November 14, 2013 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 9, 2013 |
| **Jury Trial:** | **December 16, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between November 18, 2013 and December 16, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 7th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE